# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUNLAP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-0258-CV-W-FJG-P |
| ) | |
| JOSEPH LEDBETTER, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS

Petitioner, William E. Dunlap, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 21, 2005, seeking to challenge the 2004 revocation of his probation by Jackson County Circuit Judge Justine E. Del Muro. In his original petition, petitioner raises four grounds for relief: (1) he did not receive written notice of his probation violations prior to his revocation hearing; (2) that the evidence against him was never disclosed to him; (3) that he was not allowed to present a defense at his revocation hearing, including the opportunity to testify or present his own evidence; and (4) he did not have the opportunity to confront and cross examine "adverse witnesses." In petitioner's supplemental petition, he raises three additional grounds for relief: (5) that he was not afforded a preliminary hearing; (6) that there was not a neutral and detached hearing body; and (7) that there was no written statement of the facts relied upon to revoke probation.

Respondent concedes exhaustion of petitioner's grounds for relief, but contends: (a) that there is no evidence that there was error as to Grounds 1 and 2, but even if there were error, it was harmless; (b) that even if there was error as to Grounds 3, 5, and 7, it was harmless; and ©) that Grounds 4 and 6 are

without merit.

## SUMMARY OF FACTS

On September 18, 2001, petitioner pleaded guilty to the charge of driving while intoxicated and was placed on probation under the supervision of the Missouri Department of Probation and Parole. (Revocation Hearing Transcript, Respondent's Exhibit "A," p. 5). On May 22, 2002, after petitioner failed to comply with the terms of his probation and missed several court appearances, a warrant was issued for his arrest. After his arrest, petitioner's probation was continued on August 15, 2002. (Id. at 6-7). Petitioner then failed to appear for an October 22, 2003, court date, resulting in his arrest in January of 2004. (Id.). His probation was continued once again. (Id.).

Apparently, sometime in January of 2004, petitioner requested permission from Jackson County Circuit Court Judge Justine E. Del Muro to travel to California for medical treatment. Judge Del Muro granted her permission. However, several conditions were imposed, including a requirement that petitioner was to advise the court weekly of his location and his medical status. (Id. at 2).

After petitioner failed to report as required, Judge Del Muro issued another warrant for his arrest. (Id.). Subsequently, petitioner was arrested in California and sent back to Missouri. (Id.). On June 3, 2004, petitioner appeared in Jackson County Circuit Court for a probation revocation hearing. At the hearing, Judge Del Muro revoked petitioner's probation and imposed a five year sentence. (Id.).

In revoking petitioner's probation, Judge Del Muro advised petitioner as follows:

> Mr. Dunlap, I gave you permission to leave the state of Missouri on the condition that you would provide me with information on a weekly basis, and you never did. I warned you that unless and until you provided me with information about where you were living, what you were doing and proof that you were receiving medical treatment, I wouldn't let you stay

> in California. I think my order went out in January.
>
> I received one vague faxed statement regarding your medical status. After that, I received nothing.
>
> And I couldn't reach you. One of the things in the order was to tell me where you were staying. You provided me nothing.
>
> You left me no choice but to issue a warrant for your arrest, so I'm revoking your probation and imposing a five-year sentence. That will be the court's order.

(Id. at 2). Petitioner was represented by counsel at the hearing and raised no objections, including objections to the procedural aspects of the hearing. Petitioner's only response to the court was a lengthy explanation of his troubles in California and a request that he "could do a 120-[day shock treatment program]." (Id. at 3-4). Petitioner is currently confined to the Maryville Treatment Center in Maryville, Missouri.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Terry Williams v. John Taylor, 529 U.S. 362, 412-13 (2000),[1] habeas relief can only be granted if the resolution of petitioner's grounds for relief by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light

---

[1] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13.

of the evidence presented in the State court proceeding."

In Morrissey v. Brewer, 408 U.S. 471 (1973), the United States Supreme Court set forth several minimum due process requirements for parole revocation proceedings. This holding was expanded to include probation revocation proceedings in Gagnon v. Scarpelli, 411 U.S. 778 (1973). Currently the minimum due process requirements for probation revocation pursuant to Morrissey and Gagnon are:

> (1) There should be a preliminary and final revocation hearing.
>
> (2) At the preliminary hearing, a probationer is entitled to: (a) notice of the alleged violations of probation; (b) an opportunity to appear and to present evidence in his own behalf; (c) a conditional right to confront adverse witnesses; (d) an independent decision-maker; and (e) a written report of the hearing.
>
> (3) At the final hearing, a probationer is entitled to: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body; and (f) a written statement by the fact finder(s) as to the evidence relied on and reasons for revoking probation.

Gagnon v. Scarpelli, 411 U.S. at 786 (citing Morrissey v. Brewer, 408 U.S. at 489).

### **GROUND 1 - WRITTEN NOTICE OF PROBATION VIOLATIONS**

In Ground 1, petitioner alleges that prior to his revocation hearing, he never received notice of any alleged probation violations. Respondent contends that the record is not clear as to whether petitioner received written notice, but even if petitioner did not receive notice, he is not entitled to relief because any error was harmless. The Court finds that this ground for relief is without merit.

In Bryan v. Petrovsky, 726 F.2d 431 (8th Cir. 1983), the United States Court of Appeals for the

-4-

Eighth Circuit held that Morrissey's notice requirement is satisfied when a parolee/probationer is served with a warrant detailing the charges against him. Id. at 432 [citing Kartman v. Parrat, 535 F.2d 450, 456 (8th Cir. 1976) (holding that notice is satisfied where a parolee is advised of the charges against him at the preliminary hearing)]. According to the revocation hearing transcript, Judge Del Muro issued a warrant for petitioner's arrest for violating the terms of his probation. (Respondent's Exhibit "A," p. 2). Consequently, at the time of his arrest, pursuant to the arrest warrant, petitioner was notified of the alleged probation violations and Morrissey's notice requirement was met.

Ground 1 is denied.

## GROUND 2 - DISCLOSURE OF EVIDENCE

In Ground 2, petitioner alleges that the evidence against him was never disclosed to him at the revocation hearing. Respondent contends that if this claim of error is true, it was harmless. The Court finds Ground 2 meritless.

The transcript of the revocation hearing clearly indicates that Judge Del Muro stated that petitioner's probation was being revoked because he failed to report to the court as required. (Respondent's Exhibit "A," p. 2, 7). Therefore, Morrissey's requirement for "disclosure to the [probationer] of the evidence against him" was met. 408 U.S. at 489.

Ground 2 is denied.

## GROUND 3 - OPPORTUNITY TO PRESENT A DEFENSE

In Ground 3, petitioner alleges that he was not allowed to present a defense at the revocation hearing and that he was not allowed to be heard or present any witnesses or documentary evidence at the hearing. Respondent contends that if this claim of error is true, that it was harmless and petitioner was not

-5-

prejudiced. However, the Court finds that Ground 3 is also meritless.

Petitioner's claim that he was not able to present a defense is directly refuted by the revocation hearing transcript, which clearly reflects that petitioner, who was represented by counsel at the hearing, was able to speak and did indeed defend himself. (See Respondent's Exhibit "A," p. 2-5).

Ground 3 is denied.

## GROUND 4 - RIGHT TO CONFRONT WITNESSES AND LACK OF WITNESSES

In Ground 4, petitioner alleges that he was not given an opportunity to confront or cross examine adverse witnesses, that the state produced no witnesses, and that the court relied on its own testimony as evidence against him. Respondent contends that this ground for relief is without merit. The Court agrees.

The record reflects that petitioner was given permission to travel to California by Judge Del Muro, he violated the conditions she set, and the court revoked his probation. There was no need for the state or the court to present witnesses. Additionally, Judge Del Muro was perfectly within the bounds of the law when she took judicial notice of the record and information before her. See United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981) ("The court could 'take judicial notice, ... of its own records and files, and facts which are part of its public records.... Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.") [quoting St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979)].

Ground 4 is denied.

## GROUND 5 - PRELIMINARY HEARING

In Ground 5, petitioner alleges that he was "not afforded a preliminary hearing." Respondent

contends that although petitioner did not receive a preliminary hearing, that petitioner is not entitled to relief because the error was harmless. Respondent further contends that petitioner was not prejudiced by the failure to hold a preliminary hearing because he has failed to show that had one been held, the outcome of the final hearing would have been different.

In Gagnon, supra, the United States Supreme Court made it clear that probationers are entitled to both a preliminary hearing and a final revocation hearing, stating, "[a]ccordingly, we hold that a probationer, like a parolee, is entitled to a preliminary hearing and a final revocation hearing, under the conditions specified in Morrissey...." The purpose of the preliminary hearing is to determine if there is probable cause to believe that a probation violation has occurred. Chilembwe v. Wyrick, 574 F.2d 985, 987 (8th Cir., 1978). However this requirement was qualified by the United States Court of Appeals for the Eighth Circuit, which held that "where obtaining permission before leaving the state is a condition of [probation], a [probationer's] presence in another state without such permission is sufficient probable cause to believe he committed an act which constituted a violation of his [probation] such that a preliminary probable cause hearing is not required." Id.

The facts in this case are similar to that of Chilembwe, supra in that, although petitioner initially had permission to travel to California, he did not regularly report to Judge Del Muro, and therefore was in another state without permission. Furthermore, Judge Del Muro had personal knowledge that petitioner had failed to do as she specifically instructed, and therefore, there was sufficient probable cause for her to believe that a probation violation had occurred.

Furthermore, even if the fact that no preliminary hearing was held constitutes a due process violation, any error was harmless. Petitioner has presented no evidence supporting his contention that the

-7-

outcome of the final revocation proceeding would have been different had he been afforded a preliminary hearing. The facts in this case are that petitioner violated the terms of his probation on three separate occasions and each time an arrest warrant had to be issued in order to secure his appearance in court. For whatever reason, petitioner's probation was continued each time. There is no indication in the record or petitioner's pleadings that anything petitioner may have presented at a preliminary hearing could have mitigated his repeated failures to meet the conditions of his probation. Furthermore, petitioner's allegation that had he been given a preliminary hearing, he could have explained the "extenuating circumstances," is unfounded. Petitioner explained his "extenuating circumstances" to Judge Del Muro at the final hearing, however unpersuasive they may have been.

Ground 5 is denied.

### GROUND 6 - NEUTRAL AND DETACHED HEARING BODY

In Ground 6, petitioner alleges there was no "neutral and detached hearing body" at the revocation hearing and implies that Judge Del Muro was in some way biased against him. Respondent contends that this ground for relief is without merit. The Court agrees. By their very nature, probation revocation hearings are commonly held in front of the same judge who granted probation. Furthermore, petitioner's generalized accusation of bias is not supported by the record.

Ground 6 is denied.

### GROUND 7 - FINDINGS OF FACT

In Ground 7, petitioner alleges that there was no written statement of findings of fact by the revocation court. Respondent contends that petitioner is not entitled to relief because the error was harmless. Respondent goes on to argue that the transcript of the revocation hearing reflects that Judge Del

-8-

Muro was very direct and clear in advising petitioner of precisely the reason why his probation was being revoked. Respondent contends that this oral statement satisfies the requirement for findings of fact because "the revocation hearing transcript provides a definitive statement of the reasons and evidence behind the probation revocation." (Doc. No. 12, p. 6).

As previously mentioned, the United States Supreme Court has held that the minimum due process requirements for probation revocation include, "a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation]." Morrissey, 408 U.S. at 489; Gagnon 411 U.S. at 782. In United States v. Smith, 767 F.2d 521 (8th Cir. 1985), the Eighth Circuit reaffirmed the requirement for a written statement of facts, even where the revocation proceeding is before a court of record and where a transcript of the proceeding is made. In that case, the court relied on the Supreme Court's holding in Black v. Romano, 471 U.S. 606 (1985), that "[t]he written statement required by *Gagnon* and *Morrissey* helps to insure accurate factfinding with respect to any alleged violation and provides an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence. 471 U.S. at 613.

It is clear in this case that no written statement of facts relied on was made by Judge Del Muro, and respondent concedes this fact. However, the facts in United States v. Smith are distinct from the case at hand. Part of the Smith rationale was that the lack of a written statement of facts provided an inadequate basis for review because, on appeal, it could not be determined on what ground probation was revoked. In the current case, revocation was pursuant to the Jackson County Circuit Court's own ground (petitioner failed to report as required), and the hearing transcript combined with Judge Del Muro's Order Revoking Probation (Attachment to Respondent's Exhibit "C," p. 9-10), clearly indicate why petitioner's probation

-9-

was revoked. Therefore, the Court finds that the requirement for a written statement of facts has been satisfied.

Furthermore, even if this was an error, it was harmless. The purpose of the requirement for a written statement of facts is to provide reviewing courts the ability to determine on what grounds probation was revoked. In this case, it is abundantly clear that petitioner's probation was revoked because he violated the terms of his probation by not reporting to the court. In addition, petitioner has failed to demonstrate that the failure of the revocation court to provide a written statement of facts has prejudiced him in any way.

Ground 7 is denied.

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for writ of habeas corpus is denied; and

(3) this case is dismissed with prejudice.

/s/ Fernando J. Gaitan, Jr
FERNANDO J. GAITAN, JR
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri
Dated: 8/31/05